WRIGHT, J., DISSENTING:
I respectfully dissent. The majority grants Ally Align's motion for interlocutory relief and vacates a portion of the trial court's order. Specifically, it vacated the portion of the order which overruled the motion to refer Count IV to the arbitrator to determine if the issue should be arbitrated or decided by the court. The first question to be decided by this Court is whether the trial court had the authority to decide if the case was properly before it or if the parties agreed that the arbitrator would be vested with authority to decide if the claim was properly before the court.
*759 The majority's opinion is based upon Section 10.2 of the contract that states in part: "In connection with rendering its decisions, the Board of Arbitration shall adopt and follow the [AAA's Rules] in effect as of the date of the arbitration." (Emphasis added.) The majority holds that this adoption of rules by reference controls the question of who decides if the issue is heard by the court or required to go to arbitration.
The question we must decide is whether the adoption of the AAA's rules by reference is a superior authority to the party's contract clause Section 10.3. That clause provides: "Notwithstanding any other provision of this Agreement, any party shall have the right to seek equitable relief, in a court of competent jurisdiction, to the extent that equitable relief is available to a party hereto." (Emphasis added.) This is sometimes referred to as a carve-out provision. Since the carve-out clearly states that it controls over any other provision of the contract, its provision that "any party shall have the right to seek equitable relief, in a court of competent jurisdiction ..." vests the court with the decision of whether the issue should be submitted to arbitration or decided by the court.
If the issue of whether the claim is arbitrable or must be filed in court is decided by the arbitrator and the arbitrator decides that the claim must be arbitrated, then the aggrieved party has never been in court and has been denied the right to seek relief in court. Therefore, I respectfully dissent from the majority and would affirm the Court of Appeals.
I agree with the majority that the parties may agree who will decide the initial question of whether the issue must be arbitrated of filed in court. "Th[e United States Supreme Court] has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." In the case currently before this Court the parties did not delegate threshold arbitrability questions to the arbitrator by "clear and unmistakable" evidence.
Here, the parties did agree that "in connection with rendering its decisions, the Board Of Arbitration shall adopt and follow [AAA's Rules] in effect as of the date of the arbitration." We note that the rules are adopted by the Board of Arbitration in rendering its decisions. The contract fails to state that the parties are bound by the AAA's rules before the dispute is submitted to the Board of Arbitration. Instead, the parties agreed that "notwithstanding any other provision of this Agreement, any party shall have the right to seek equitable relief, in a court of competent jurisdiction." The parties clearly intended that the carve-out provision would control over any other provision of the agreement. If the parties are required to submit the initial question of arbitrability to the arbitrator and the arbitrator rules that the issue must be arbitrated, then the party never had the opportunity to seek equitable relief in a court of competent jurisdiction. Whereas, if the party initially filed the claim in court, then the party did seek the relief in a court even if the court ruled that the claim must be arbitrated.
The majority cites the Ninth Circuit case of Oracle Am., Inc. v. Myriad Grp. A.G., 724 F.3d 1069 (9th Cir. 2013), as dealing with the same issue. I must respectfully disagree since the carve-out provision in Oracle America differs from the carve-out provision in our case. The carve-out provision in Oracle America lacks any language similar to the controlling language in the contract before us that the carve-out provision controls over any other provision of the contract. "Th[e United *760 States Supreme] Court has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." Henry Schein, Inc. v. Archer & White Sales, Inc., --- U.S. ----, 139 S. Ct. 524, 530, 202 L.Ed.2d 480 (2019).
In the case currently before this Court, the parties did not delegate threshold arbitrability questions to the arbitrator by "clear and unmistakable" evidence. The language in the contract before us is clear that the provision authorizing the parties to seek equitable relief in court is superior to any other provision of the contract. If an arbitrator were to decide the initial issue of arbitrability by ruling that the claim must be arbitrated, then the party would never have been to court to pursue their claim. Denial of a party's attempt to seek equitable relief in court would violate the clear language of the contract that "notwithstanding any other provision of this Agreement, any party shall have the right to seek equitable relief, in a court of competent jurisdiction." Therefore, I respectfully dissent from the majority and would affirm the Court of Appeals.
/s/ John D. Minton, Jr.
CHIEF JUSTICE